UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI THI VU,<br><br>        Petitioner,<br><br>   v.<br><br>RON RACKLEY,<br><br>        Respondent. | No. 2:16-cv-0217 TLN GGH P<br><br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION AND BACKGROUND

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C § 2254.  Before the court is respondent's motion to dismiss, as well as petitioner's motion for stay and abeyance.  Petitioner's motion will be addressed at the present time.  Because the court recommends that petitioner's motion be denied, and the petition be dismissed as completely unexhausted, respondent's motion will not be decided.  Having reviewed the motion to stay, respondent's opposition and petitioner's reply, the court now issues the following findings and recommendations.

    This action, as described by the district court in Fresno in re-designating it as a habeas petition rather than a civil rights action, is one challenging petitioner's "custody status as related to her credit-earning status, and she seeks the restoration of credits and/or increased credit-earning status, which affects the length of her ten-year determinate sentence."  (ECF No. 10 at 2.)

1  This legal finding by the Fresno district court is law of the case for the undersigned. See Muth v.
2  Fondren, 676 F.3d 815, 818-819 (9th Cir. 2012).

3    Petitioner's motion, filed May 6, 2016, seeks a stay and abeyance, explaining that she has
4  shown good cause because her case was originally filed as a civil rights action and it was the
5  district court's decision to convert it to a habeas petition. She also states that her knowledge of
6  the law is limited. She further asserts that her claims are potentially meritorious. Respondent
7  opposes the motion, contending that petitioner has not met the Rhines standards. Petitioner's
8  reply, filed May 25, 2016, includes a copy of a California Supreme Court petition with a file
9  stamped date of May 16, 2016.

10  DISCUSSION

11   The Ninth Circuit recently issued an opinion which significantly changes the manner in
12  which wholly unexhausted federal habeas petitions are handled. The court held "that a district
13  court has the discretion to stay and hold in abeyance fully unexhausted petitions such as this one,
14  under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d 907 (9th Cir. 2016).

15   A district court may properly stay a habeas petition and hold it in abeyance pursuant to
16  Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).
17  Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an
18  unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Such a stay "eliminates entirely
19  any limitations issue with regard to the originally unexhausted claims, as the claims remain
20  pending in federal court[.]" King, 564 F.3d at 1140.[1] However, to qualify for a stay under
21  Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before
22  filing this action; (2) explain and demonstrate how his unexhausted claim is potentially
23  meritorious; (3) describe the status of any pending state court proceedings on his unexhausted
24  claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at
25  277–78.
26  ////

---

[1] This assumes, of course, that the unexhausted claims were either timely brought in their own right, or that they can relate back to timely claims in the original petition.

2

1   What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277-78, and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations).

"But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.' We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008) (quoting Jackson, 425 F.3d at 661) (internal citations omitted).

Recently, the Ninth Circuit stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). In Blake, the Ninth Circuit held that ineffective assistance of counsel by post-conviction counsel can be good cause for a Rhines stay, however, bare allegations of state post-conviction IAC do not suffice. Id. at 983.

The Blake court concluded that petitioner satisfied the good cause standard where he argued that his post-conviction counsel[2] "failed to conduct any independent investigation or retain experts in order to discover the facts underlying his trial-counsel IAC claim; namely, evidence that Blake was" subject to severe abuse as a child and suffered from brain damage and psychological disorders. 745 F.3d at 982 (internal quotes omitted). The petitioner supported this argument with extensive evidence, including psychological evaluation reports, a declaration by

---

[2] In Blake's case "post-conviction counsel" must refer to counsel on the state habeas petition for two reasons (1) Blake had been sentenced to death and appointment of counsel would have been likely; (2) appellate counsel on direct review would in all probability not be tasked with raising issues outside the record as most courts will not adjudicate IAC claims on direct review. Therefore, Blake is instructive, but not controlling.

1  the private investigator who worked briefly for his post-conviction attorney, and thirteen
2  declarations from petitioner's family and friends describing his "abhorrent" childhood conditions.
3  Id. at 982-83.  The Blake court concluded that the petitioner had met the Coleman/Martinez
4  standard to show good cause under Rhines."  Id. at 983-84 & n.7.

5  Based on Mena, the aforementioned requirements now apply equally to completely
6  unexhausted petitions such as the petition here.

7  Petitioner has failed to meet the Rhines requirements.  First, in regard to good cause,
8  petitioner states that she initiated this action with a complaint under the Civil Rights Act and that
9  it was the court's decision to re-designate it as a habeas petition.  Petitioner does not explain why
10  she did not seek to exhaust after September 16, 2015, some eight months ago, when this action
11  was re-designated as a habeas corpus action.  Although petitioner attached a copy of a California
12  Supreme Court petition to her motion to stay, it was unstamped and unfiled at the time she filed
13  that motion on May 6, 2016.  (ECF No. 32 at 10.)  It was not until petitioner filed her reply that
14  she included a file stamped copy of her state court petition, stamped by the California Supreme
15  Court on May 16, 2016.  (ECF No. 34 at 4.)  However, because petitioner is proceeding pro se
16  and the change in designation would be confusing, the court will find the first factor in
17  petitioner's favor.  However, the "potentially meritorious factor does not satisfy the requirement
18  to have this petition stayed.

19  Petitioner contends that her claim is potentially meritorious, but offers not one reason
20  why.  Such a bald conclusion does not meet the Rhines standard.  A review of the petition and
21  respondent's motion to dismiss indicates that in fact petitioner's claim is not potentially
22  meritorious.  Whether brought as a habeas petition or as a civil rights action, petitioner fails to
23  state a claim.

24  First, respondent is correct in arguing that to the extent that petitioner claims that the
25  CDCR's decision to classify her as violent was error in light of her criminal history and 15 C.C.R.
26  § 3375.2(b)(25), (see ECF No. 1 at 4), she has not stated a constitutional or federal violation, but
27  only possibly a state law violation.  Petitioner alleges only that her classification was "unfair," she
28  does not allege that it violated the federal constitution.  (Id. at 4:27, 6:23, 8:4.)

4

1         Second, in regard to any claim that petitioner was denied the opportunity to earn good-time credits based on her classification status as violent, California has not created a protected liberty interest in earning credits for work. See Cal.Penal Code § 2933(c) ("Credit is a privilege, not a right."); Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir.1989) ("section 2933 does not create a constitutionally protected liberty interest."); Touissant v. McCarthy, 801 F.2d 1080, 1095 (9th Cir.1986) (under § 2933 "prisoners have no right to earn the one-for-one worktime credits"), *abrogated in part on other grounds*, Sandin v. Connor, 515 U.S. 471 (1995). If petitioner has no constitutionally protected liberty interest in earning work-time credit, her claim that she was deprived of an opportunity to earn such credit while under a violent administrative determinant cannot state a cognizable claim for federal habeas corpus relief. See, e.g., Orozco v. Silva, No. 11–cv–2663–AJB (BLM), 2012 WL 1898791 at *2 (S.D.Cal. May 23, 2012) (California has not provided prisoners with a statutory right to earn time credits); Hernandez v. Adams, No. 1:08–cv–00254 LJO MJS HC, 2010 WL 5071131 at *4 (E.D.Cal. Dec.7, 2010) ("Petitioner simply has no constitutional right to a particular classification or to earn credits."); see also York v. Gibson, No. 1:11–cv–01482–BAM–HC, 2011 WL 6780931 at *5 (E.D.Cal. Dec.27, 2011) ("It appears that Petitioner may be alleging that he has lost the opportunity to earn good time credits. However, the effect of this, if any, on the duration of his confinement is speculative."); Ellington v. Clark, No. 1:09–cv–0054–DLB PC, 2009 WL 1295781, at *6 (E.D.Cal. May 8, 2009) ("Moreover, the act of revoking time credits must be distinguished from the act of limiting a prisoner's ability to prospectively earn time credits. Prisoners have no liberty interest in earning work time credits or participating in work programs.")

         Third, California's policy to assign prisoners to a particular classification status based on their violent history is an administrative strategy designed to preserve order in the prison and protect the safety of all inmates. See Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir.1997) (referring to assignment of suspected gang affiliates) (quoted with approval in Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir.2003). Cf. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974) (procedures required for disciplinary confinement). Moreover, "a prisoner does not have a constitutional right to be housed at a particular institution [or] to receive a particular security

5

1  classification." Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir.1997) (citing, respectively,

2  Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532 (1976), and Moody v. Daggett, 429 U.S. 78,

3  88 n. 9, 97 S.Ct. 274 (1976)); see also Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th

4  Cir.1987) (prisoner has no due process right to a particular classification and related eligibility for

5  rehabilitative programs).

6      Based on this authority, petitioner fails to state a potentially meritorious claim for federal

7  habeas corpus relief.

8      Petitioner is further informed that even if this action were to proceed as a civil rights

9  action, the claim would not be meritorious as due process considerations are not implicated. It is

10  well established that prisoners have no federally-protected liberty interest in their classification

11  status. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). "[I]t is well settled that

12  prison officials must have broad discretion, free from judicial intervention, in classifying

13  prisoners in terms of their custodial status." McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir.

14  1990) (citations and internal quotation marks omitted). *Accord*, Garcia v. Biter, 2016 WL

15  2625840, at *2 n.2 (E.D. Cal. May 9, 2016) ("Plaintiff's housing status and other custody or

16  classification factors are left to the sound discretion of prison officials.").

17      For these reasons, a civil rights complaint would not state a cognizable claim.

18      Petitioner has failed to make an adequate showing of good cause, i.e., that her

19  unexhausted claims are potentially meritorious. Her motion for stay and abeyance under Rhines

20  and Mena must therefore be denied. Because a completely unexhausted petition must be

21  dismissed, Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir.2001), the undersigned will so

22  recommend.

23  CONCLUSION

24      Accordingly, IT IS HEREBY RECOMMENDED that:

25      1. Petitioner's motion for stay and abeyance (ECF No. 32), be denied;

26      2. This action be dismissed without prejudice as unexhausted.

27      These findings and recommendations are submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen

(14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 7, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/vue0217.fr-sta